The opinion of the court was delivered by
Huston, J.
A view was regularly appointed, which returned a report and draft of a road for public use.
At the return, an application was made to the Court of. Quarter Sessions of Union county, in which the road was situated. Exceptions to this report were filed, as is stated in the return, and, affidavits filed on both sides: the matter was pending during three or four sessions, and at length the report was set aside, and this is a certiorari to reverse that decision. What reasons were filed below does not perhaps appear with certainty, but we have five objeclions to it here, which we may safely consider as embracing those formerly taken.. They ar.e as follows:—
1. The act of assembly requires that the viewers should be freeholders, whereas some of the yiewers Were not freeholders. A1 though several depositions were taken below, none of them apply to this point. Now we must take it they were qualified persons, unless there is some colour of evidence that they were not, or some admission of the fact. ■ ,
“ The act of assembly requires that the viewers should particularly state, whether they judge the same necessary for a public or private road.” The report does not state any adjudication or necessity, but merely states that they have laid the “following road for public use.” , Nothing but a determination to give as much opr *389 position to this road as possible could have suggested this objection. The viewers are, nay, generally, must be plain farmers. It never could be supposed mere technical formality'was required from such men. The report must state distinctly whether they decide on a public or private road: if that appears plainly in their report, it is sufficient; no one can mistake this report.
3. The road, as laid out, runs through a valuable lot, of John Snyder, and the report or the draft did not show how far it passes through the same, nor does the report- mention this property.
This exception is contrary to the fact, unless the objector, meant to shelter himself under' the words “'how far;” the draft does show that the road passed through John Snyder’s lot. It is not necessary that the precise distance through'the land of an individual should appear, nor that it should appear in the report and draft both, it is sufficient if it appear in either.
4. The report is signed by four viewers only, and the report does not state that five viewed the ground.
This is another mistake. The report does state the five viewed, and names the viewer who was on the-ground, but who did not ■sign. ; v
5. No previous notice was given to John Snyder of the time when the viewers were to meet.
Nor was any previous notice necessary: he was on the ground present with the viewers and heard by them, and offered to withdraw all objection, if some person would buy his lot. -
It is,.to be sure, desirable that a person should be present when, viewers are laying out a road through his land, but no law requires notice to be given to the owner of the lands, and in many, of the counties no notice could be given; for roads are often-laid out through unimproved land, the owner of which resides at a distance or is unknown. There is no person whose duty it is to give notice; if the road goes through an improved farm, the viewers as they proceed, always call the person living on the farm, and ought to do so, and this is all that is necessary: here, this person objecting was present, and that is enough.
The order of the court setting aside this report, is reversed, and the record sent back, that the Court of Quarter sessions may proceed to make the necessary orders confirming the road and ordering it to be opened.